# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRADLEY GRIMES,**           CASE NO. 2:07-cv-00951
                              JUDGE FROST
    **Petitioner,**          MAGISTRATE JUDGE ABEL

v.

**JEFFREY WOLFE, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

Petitioner was indicted by the April 2006 term of the Muskingum County grand jury on five counts of trafficking in crack cocaine in the vicinity of a juvenile, with forfeiture specifications. *Exhibit 1 to Return of Writ.* On June 5, 2006, while represented by counsel, he pleaded guilty. *Exhibits 3 and 4 to Return of Writ.* On July 24, 2006, the trial court sentenced petitioner to an aggregate term of three years incarceration and ordered forfeiture of $1,012.00. *See Exhibit 4 to Return of Writ.*[1] Petitioner did not timely appeal;

---

[1] The trial court declined to sentence petitioner to the prosecutor's recommended two years incarceration without opposition to judicial release after thirty days. *See Exhibit 3 to Return of Writ.*

however, on October 18, 2006, February 13, 2007, and April 24, 2007, he filed a motions for judicial release. *Exhibits 5, 7, and 9 to Return of Writ.* On November 30, 2006, February 23, 2007, and May 3, 2007, respectively, the trial court denied each of these requests. *Exhibits 6, 8 and 10 to Return of Writ.* On March 23, 2007, petitioner filed a motion for delayed appeal with the state appellate court. As cause for his untimely filing, petitioner alleged that he did not know about, and his attorney had not advised him of his right to appeal. *See Exhibits 11 and 12 to Return of Writ.* On April 27, 2007, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 13 to Return of Writ.* Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibit 14 to Return of Writ.* He raised the following propositions of law:

> 1. Pursuant to Article VI of the United States Constitution, all state court judges are "bound" by federal law, Constitution, and treaties....
>
> 2. Appellant was denied his Sixth Amendment right to effective assistance of appellate counsel. Therefore deprived him of equal protection and due process of law, and to the right to present his claims fairly in the state courts and state appellate process.
>
> 3. Appellant's sentencing on counts 4, 5 is unconstitutional and contrary to law under the United States Constitution Amendment XIV, Section 1.

*Exhibit 15 to Return of Writ.* On August 29, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 17 to Return of Writ.*

On September 19, 2007, petitioner filed the instant *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Whether the petitioner was deprived of his 5th, 6th, and 14th Amends. of the United States Constitution when the state courts denied the petitioner an effective remedy to vindicate his unconstitutional convictions.
>
> 2. Petitioner was denied his Sixth Amendment right to effective assistance of counsel. Therefore depriving the petitioner of equal protection and due process of law, and to the right to present his claims fairly in the state courts and state appellate process.
>
> 3. Petitioner's sentencing on counts 4, 5 is unconstitutional and contrary to law under the United States Constitution Amend. XIV, Section 1.

It is the position of the respondent that petitioner's claims are unexhausted; alternatively, respondent contends that petitioner's claims are without merit.

## CLAIMS ONE AND THREE

### A. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same

claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

In claim one, petitioner asserts that he was wrongfully convicted on counts four and five of the indictment, charging him with drug trafficking in crack cocaine because Jamie Stone and Charles Lamson committed those crimes. Similarly, in claim three, petitioner asserts that the trial court unconstitutionally imposed sentence, because he is actually innocent of counts four and five of the indictment against him. Respondent contends that these claims rely on matters not readily apparent from the face of the record and therefore should be raised in a petition for post conviction relief pursuant to O.R.C. §2953.21. Although the time period to file a post conviction petition has expired, it is the position of the respondent that petitioner must pursue a delayed post conviction petition under O.R.C. §2953.34 to exhaust this claim. According to petitioner, however, evidence of his actual innocence is apparent from documents he received in discovery and therefore is a part of the trial record.

Regardless of whether such claims remain unexhausted, petitioner has waived the right to raise these claims by virtue of his guilty plea. 28 U.S.C. §2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

> "A voluntary and intelligent guilty plea usually forecloses later attempts to challenge the resulting judgment; the plea serves not only to admit the conduct charged in the indictment[,] but also to concede guilt of the substantive crime." *In re Hanserd*, 123 F.3d 922, 926 (6th Cir.1997) (citing United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). Or, as stated in *Tollett [v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ], "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. at 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. Accordingly, a defendant waives "all subsequent non-jurisdictional appeals to his conviction by pleading guilty ." *United States v. Pickett,* 941 F.2d 411, 416 (1991) (citation omitted).

*United States v. Lanier,* 201 F.3d 842, 846-47 (6th Cir.2000); *see also Smith v. McCotter,* 786 F.2d 697, 702-03 (5th Cir.1986).

> Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. See *United States v. Broce,* 488 U.S. 563, 569 (1989); *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:
>
>> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

> *Tollett,* 411 U.S. at 267. A defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his plea.

*Suttles v. Warden, Noble Correctional Institution*, 2007 WL 2110498 (S.D. Ohio July 17, 2007).

To the extent that petitioner raises an independent claim of actual innocence, such claim is not appropriate for habeas corpus review. *Herrera v. Collins*, 506 U.S. 390, 400-401 (1993). The Court notes, however, that the record is without support for petitioner's allegation of actual innocence.

### CLAIM TWO

In claim two, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to advise him of his right to appeal and advised him to plead guilty to counts four and five of the indictment when he was actually innocent of those charges. Petitioner states that he did not learn that he was actually innocent of counts four and five of the indictment or that other persons committed those crimes until after his guilty plea when he obtained paperwork from counsel. *Petition*, at 12. Additionally, petitioner asserts that he was denied due process because the trial court failed to advise him of his right to appeal. These claims plainly lack merit.

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the

alternative courses of action open to the defendant.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir.1988)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir.1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

Additionally,

7

due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights. Cf. *Peguero v. U.S.,* 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18; *White v. Johnson,* 180 F.3d 648, 652 (5th Cir.1999). The Supreme Court has addressed the procedural requirements for indigent defendants in the appellate process on several occasions. In *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Court held that an indigent defendant is entitled to a transcript in order to pursue an appeal. The Court later held that indigent defendants had a right to counsel on their first appeal, *Douglas v. California,* 372 U.S. 353, 365-57, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and that all defendants have the right to effective assistance of appellate counsel, *Evitts v. Lucey,* 469 U.S. 387, 393, 105 S.Ct. 830, 83 L .Ed.2d 821 (1985). The right of notice is more fundamental than the rights previously guaranteed by the Supreme Court. Precedent therefore dictates that failure to inform an indigent defendant of their appellate rights violates due process..... [D]ue process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected.

\* \* \*

The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir.1970)). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States,* 772 F.2d 525, 530 (9th Cir.1985). The decision to appeal is not the determination of defendant's lawyer. *Id.* In order to make such a decision, the defendant must have knowledge about the appeals options available to him. *United States ex rel. Smith v. McMann,* 417 F.2d 648, 654 (2d Cir.1969), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970)

> (construing *Douglas v. California* as imposing on a state "a duty to warn every person convicted of a crime of his right to appeal ... the right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know such a right exists."); *State v. Sims,* 27 Ohio St.2d 79, 272 N.E.2d 87, 91 (1971) (finding that "in the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal ... it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination.")
>
> In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *White,* 180 F.3d at 652 (5th Cir.1999), *Norris v. Wainwright,* 588 F.2d 130, 135 (5th Cir.), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979) The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan,* 507 F.2d 273, 275 (6th Cir.1974), *cert. denied,* 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975). Further, a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights. *Peguero,* 526 U.S. at 29-30, 119 S.Ct. 961(citing *Soto v. U.S.,* 185 F.3d 48, 54 (2d Cir.1999)).

*Wolfe v. Randle*, 267 F.Supp.2d 743, 747 (S.D. Ohio 2003); *see also Thompson v. Wilson*, 523 F.Supp.2d 626, 632 (N.D. Ohio 2007).

Petitioner has failed to establish either that, but for the ineffective performance of counsel he would have insisted on proceeding to trial, *Hill, supra*, or that he was denied his right to appeal because he did not know about and was not advised of his appellate rights. *See Wolfe v. Randle*, *supra*. On June 5, 2006, petitioner signed a written guilty plea indicating, *inter alia*, that he understood the nature of the charges against him and his

9

possible defenses, and that he was waiving the right to have the prosecutor prove his guilt. He was satisfied with his attorney's advice and competence. He acknowledged guilt of the offenses charged. He understood his right to appeal a maximum sentence, his other limited appellate rights, and that any appeal must be filed within thirty days. *Exhibit 3 to Return of Writ.* At the time of petitioner's guilty plea, defense counsel stated he had reviewed guilty plea forms with petitioner and had explained to petitioner his constitutional rights. *Transcript, Guilty Plea*, at 4-5. The trial court advised petitioner of the nature of the charges against him, the maximum and minimum sentences he faced, as well as all of the rights he was waiving by virtue of his guilty plea. *Id.*, at 3-9; 11-12. Petitioner indicated he understood that he was giving up his right to require the State to prove the charges against him. *Id.*, at 12. He understood the nature of the charges against him and his possible defenses and was satisfied with the advice and assistance of his attorney. *Id.*, at 9. Petitioner denied being under the influence of alcohol or drugs and denied that he had been made any promises or threats to induce his guilty plea. *Id.*, at 10. The trial court specifically advised petitioner of his right to appeal:

> You ... understand you have a right to appeal your case within 30 days of sentencing but by pleading guilty here today you severely limit the chance of any appeal being successful?
>
> MR. GRIMES: Yes, sir.

*Id.*, at 12. Petitioner admitted his guilt to the charges. *Id.*, at 12-13. At sentencing, petitioner again admitted his guilt to the charges:

>   COURT: Do you work anywhere?
>
>   THE DEFENDANT: No, sir.
>
>   COURT: Just selling drugs?
>
>   THE DEFENDANT: Yes, sir.
>
>   COURT: That's how you made your money. Right?
>
>   THE DEFENDANT: Yes, sir.
>
>   COURT: Your own version of what happened, I was on Pine Street selling drugs, specifically crack cocaine.
>
>   THE DEFENDANT: Yes, sir.
>
>   COURT: The defendant admitted selling crack since late 2005, 2006, to earn an income. He had earned enough money that he took a $5,000 vacation just before arrested. Pretty accurate?
>
>   THE DEFENDANT: Yes, sir.

*Sentencing Transcript*, at 5-6, Doc. No. 10.

Therefore, contrary to petitioner's allegation here, the record reflects that he knew about his right to appeal and of the time limit for filing the appeal. Further, contrary to petitioner's allegation here, the record does not reflect that the prosecution would have been unable to prove the charges against petitioner. Petitioner has submitted documents in support of his allegations indicating that he admitted to police that he was selling drugs. They bought drugs directly from him three times. *See Exhibit D to Traverse*. Two additional

11

occasions, police advised petitioner that they had purchased the crack cocaine from other individuals, but they knew the drugs came from him because he was found with the drug money. *See Exhibit D to Traverse.* Petitioner now alleges that he "never received the money in any illegal way." *Petition,* at 13. However, as discussed, petitioner has admitted his guilt to all of the charges.

> T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea] hearing, as well as any findings made by the judge accepting the plea , constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 76 (1977). Further, he faced a maximum term of eighteen months on each of the five counts charged, for an aggregate potential term of ninety months incarceration. Pursuant to the terms of his negotiated guilty plea, the prosecutor agreed to recommend two years incarceration and did not oppose judicial release after thirty days. *Transcript, Guilty Plea*, at 10. Although the trial court imposed three years, or thirty six months, rather than the recommended two years, *see Sentencing Transcript*, at 6, petitioner nonetheless substantially reduced his potential prison exposure by entry of his guilty plea. Under such circumstances, it is unlikely that counsel would have advised against pleading guilty.

For all of these reasons, claim two is without merit.

The Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir.1987); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

s/Mark R. Abel  
United States Magistrate Judge